UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROMMEL E. GRIFFIN, SR.                               CIVIL ACTION

VERSUS                                               NO: 08-2000

UNITED PARCEL SERVICE, INC.                          SECTION: J(5)

**ORDER AND REASONS**

Before the Court is Defendant United Parcel Service, Inc.'s **Motion for Partial Judgment on the Pleadings (Rec. Doc. 45)** and supporting memoranda, as well as Plaintiff's **Memorandum in Opposition (Rec. Doc. 47)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff, Rommel E. Griffin, was employed by United Parcel Service, Inc. ("UPS" or "Defendant") for approximately twenty-eight years before he elected to take an early retirement option in December 2006. Plaintiff alleges he felt compelled to opt for early retirement because Defendant did not allow him to return to work after he took short term disability leave. In his complaint, Plaintiff alleges that Defendant's failure to allow him to return to work after his disability leave was motivated:

> in whole or in part by all or, alternatively, any of the following factors: (1) his age, which was fifty-five; (2) his race, African American; (3) his disability or UPS' perception of his disability of diabetes; and/or (4) the purported disability that UPS perceived him to have of being unable to handle the stress of his employment.

(Rec. Doc. 17, pg.2 ¶ 4).

In relation to the aforementioned claims, Defendant believes that Plaintiff has not stated a valid age discrimination claim. Defendant has therefore filed the current motion, which only addresses Plaintiff's claims of age discrimination. Defendant is asking this Court to enter a judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c) for any claims Plaintiff has made under the Age Discrimination in Employment Act, 29 U.S.C. §§ 612, et seq. ("ADEA"). After reviewing the record, applicable law, and the parties memoranda, this Court finds as follows:

## THE PARTIES' ARGUMENTS

Defendant argues that Plaintiff's age discrimination claims should be dismissed because Plaintiff has failed to state a valid claim for relief under the ADEA. According to Defendant, if Plaintiff alleges multiple reasons for an adverse employment action, this Court is precluded from finding that he has stated a valid ADEA claim. Therefore, Defendant asserts that Plaintiff's allegation that he was compelled to retire in whole or in part by all, or alternatively, because of his age; his race; his disability or UPS' perception of his disability; and/or UPS' perception that he could not handle the stress of his employment, constitutes multiple allegations for the adverse employment action and therefore, he has not stated a valid claim for relief under the ADEA.

Plaintiff, on the other hand, argues that he has stated a valid claim for relief because he has pled in the alternative and that this Court should deny Defendant's motion for partial judgment on the pleadings.

**DISCUSSION**

Defendant is asking this Court to enter a partial judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) states that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. R. 12(c). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. Guidry v. American Public Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007) (citing In re Katrina Canal Breaches Litg., 495 F.3d 191, 205 (5th Cir. 2007)). "The Court accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff. The plaintiff must plead enough facts to state a claim to relief that is plausible on its face." Guidry, 512 F.3d at 180.

Defendant alleges that Plaintiff's age discrimination claims should be dismissed because Plaintiff has failed to state a valid claim for relief under the ADEA. To state a valid claim for relief under the ADEA, the plaintiff "must prove, by a preponderance of the evidence that age was the 'but-for' cause of the challenged adverse employment action." Gross v. FBL

3

Financial Services, Inc., 129 S. Ct. 2343, 2352 (2009). According to Defendant, this means that a plaintiff must prove that the alleged adverse employment action occurred **exclusively** because of his age. (Rec. Doc. 45, pg. 4). Defendant further asserts that "if Plaintiff's race **and** alleged disability . . . were motivating factors in [the] alleged adverse employment action . . . then Plaintiff's age cannot constitute the 'but-for' cause of [the] alleged adverse employment action[.]" (Rec. Doc. 45, pg. 5) (emphasis added). However, Defendant fails to acknowledge that Plaintiff has plead his causes of action in the alternative. Federal Rules of Civil Procedure Rule 8(d)(2) states, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically[.] . . . If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Further, Rule 8(d)(3) specifically allows a party to plead in the alternative even if such claims are inconsistent with each other. See Fed. R. Civ. P. 8(d)(3) (stating "[a] party may state as many separate claims or defenses as it has, regardless of consistency").

In Plaintiff's complaint, he alleges that Defendant's failure to allow him to return to work after his disability leave was moted in whole or in part by all or, alternatively, any of numerous factors. Indeed, Plaintiff has made many claims,

4

including that the adverse employment decision was only partly motivated by age discrimination. However, by stating in the alternative that the adverse decision was motivated "in whole" by his age, he has alleged that age discrimination was the "but for" cause of the adverse employment action. As a result, Defendant is incorrect in asserting that Plaintiff has failed to allege that age discrimination was the exclusive motivation for the adverse action.

Accordingly,

**IT IS ORDERED** that United Parcel Service, Inc.'s **Motion for Partial Judgment on the Pleadings (Rec. Doc. 45)** is hereby **DENIED**.

New Orleans, Louisiana this ___7th___ of January, 2010.

_____
United States District Judge

5