UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ROMMEL E. GRIFFIN, SR.                    CIVIL ACTION NO. 2:08-cv-2000

VERSUS                                    JUDGE CARL L. BARBIER

UNITED PARCEL SERVICE, INC.               MAGISTRATE ALMA L. CHASEZ
**********************************************************************************************

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### STATEMENT OF UNCONTESTED MATERIAL FACTS

**MAY IT PLEASE THE COURT:**

Plaintiff and Defendant have filed a Joint Statement of Uncontested Material Facts.

Both parties have also separately filed their own Statement of Uncontested Material Facts.

Plaintiff, Rommel E. Griffin, Sr., opposes many of the Defendant's Statement of

Uncontested Material Facts, for the reasons stated herein:

### UPS' STATEMENT OF UNCONTESTED MATERIAL FACTS

1.      Plaintiff does not oppose this statement.

2.      Although this statement is correct, it is not a "material fact".

3.      Although this statement is correct, it is not a "material fact".

4.      Although this statement is correct, it is not a "material fact".

5.      Plaintiff submits that a decision, in fact, concerning Gerald Barnes'

replacement had not yet been made.  However, this statement is not material to the

disposition of this case.

6.      Plaintiff submits that a decision, in fact, concerning Gerald Barnes'

replacement had not yet been made.  However, this statement is not material to the disposition of this case.

7. - 21.   Plaintiff submits that none of these statements are even remotely material to the resolution of the issue before this Court.

22.      Plaintiff does not dispute the truth or the materiality of number 22.  Plaintiff concurs that this statement is true, and that it is material to resolution of the issues before this Court.

23.      Plaintiff does not dispute the truth or the materiality of number 22.  Plaintiff concurs that this statement is true, and that it is material to resolution of the issues before this Court.

24.      Plaintiff agrees that Alan Rundle informed him that he would be assigned to the midnight hub manager position, but this assignment was not made until August 21, or August 22.

25.      Plaintiff agrees that Williams told him about the potential creation of a hub training manager position for the GulfSouth District which Plaintiff would fill, but Williams told Plaintiff about this position immediately following his return in June, and not after he was assigned to the midnight hub operation manager.

26. and 27.      Plaintiff does not dispute the truth of these facts, but they are not material to resolution of the issue before this Court.

28.      Plaintiff submitted his written request for an accommodation on August 24, 2006.

29.      Plaintiff does not oppose this statement, although it is argumentative.

30.      Plaintiff disputes the truth of this statement, and does not consider it to be

material to resolution of the issue before this Court.

31.    Plaintiff does not understand what is meant by the statement that he "initially raised" the issue of Plaintiff working day hours.  The discharge plan does not address whether Plaintiff raised the issue with his physician, Dr. Cameron, or whether Dr. Cameron just raised the issue.  Plaintiff further disputes that this is not material to the resolution of the issue before this Court.

32.    Plaintiff disputes that this is a statement that is not material to the resolution of the issue before this Court.  Further, to suggest that UPS granted the plaintiff "additional time" does not reach the issue of whether the time period set by UPS initially was reasonable, or the issue of reason for the additional time.

33 - 34.    Plaintiff does not dispute the authenticity of the UPS request for medical information completed by Dr. Cameron, but states that the document itself is the best evidence of its own terms and conditions.

35 - 36.    Plaintiff opposes these statements for the reason that the parties have agreed that deposition testimony would not be included in the statement of facts, but used solely in their memoranda.

37 - 44.    Plaintiff opposes these statements for the reason that the parties have agreed that deposition testimony would not be included in the statement of facts, but used solely in their memoranda.  Defendant has cherry picked deposition testimony.  Plaintiff discusses the deposition testimony in his memorandum.

45.    Plaintiff agrees with this statement.

46.    Plaintiff agrees with this statement; however, this statement is not material to resolution of the issue before this Court.

47.    Plaintiff disputes that UPS' denial of Plaintiff's request for an ADA accommodation was consistent with the medical conclusions of Plaintiff's primary care physician.  Rather, the denial was consistent with the inadequate and misleading request for medical information submitted by UPS and completed by Dr. Cameron.

48.    Plaintiff does not oppose this statement, but requests that the Court read the entire letter, which is attached as Exhibit "12" to defendant's memorandum.

49.    Plaintiff does not dispute the contents of the UPS Policy Handbook, but states that the contents of the UPS Policy Handbook are not material to a resolution of the issue before this Court.

50.    Plaintiff does not dispute the contents of the UPS Code of Business Conduct, but states that the contents of the UPS Code of Business Conduct are not material to a resolution of the issue before this Court.

51.    Plaintiff concurs with this statement, but this statement is not material to a resolution of the issue before the Court.

52.    Plaintiff concurs with this statement, but this statement is not material to a resolution of the issue before the Court.

53.    Plaintiff concurs with this statement, but this statement is not material to a resolution of the issue before the Court.

54.    It is correct that Plaintiff did not advise the post office of any restrictions related to working there.  The reason is very simple - he was the morning carrier, and it was never intended that he work at night.

55 - 59.    None of these statements are material in any manner to the resolution of the issue before this Court.

Respectfully submitted,

/s/    Lisa Brener
Lisa Brener (#1809)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Tel. (504) 568-1990
lbrener@lawla.com

**Attorney for Plaintiff**
**Rommel E. Griffin, Sr.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Lisa Brener
Lisa Brener