UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROMMEL E. GRIFFIN, SR.                    CIVIL ACTION

VERSUS                                    NO: 08-2000

UNITED PARCEL SERVICE, INC.               SECTION: J(5)

## ORDER AND REASONS

Before the Court are competing Motions for Summary Judgment; **Defendant's Partial Motion for Summary Judgment (Rec. Doc. 98)** and **Plaintiff's Partial Motion for Summary Judgment (Rec. Doc. 102).**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff, in his initial complaint, alleged that after working for UPS for approximately 28 years, he suffered age, race, and disability discrimination, as well as constructive discharge after taking disability leave to recover from stress in February 2006.[1] Specifically, he alleges that he was not

---

[1] Prior to taking disability leave, Plaintiff was employed as "the Hub Manager of the UPS Center on Morrison Road in New Orleans, Louisiana, working the 'twilight operation' from approximately 2:00 p.m. until the late evening hours between 10:00 p.m. and midnight."

reinstated to the "twilight operation" Hub Manager position he held before his disability leave, and he was not promoted to the Employee Relations Manager ("ERM") position. Instead, both of these positions were given to younger, less experienced white males.

As a result, Plaintiff filed a Charge of Discrimination Complaint with the Equal Employment Opportunity Commission ("EEOC") on or about May 22, 2007. However, the EEOC failed to timely investigate the charge, and at the request of Plaintiff, issued a Notice of Right to Sue on the basis that more than 180 days had passed since the filing of the charge.

After receiving his right to sue notice, Plaintiff filed the instant action against UPS due to alleged age discrimination pursuant to 29 U.S.C. 621, *et seq.* (the Age Discrimination in Employment Act" or "ADEA"); race discrimination pursuant to 28 U.S.C. 2000e, *et seq.* ("Title VII"); and disability discrimination pursuant to 42 U.S.C. 12101, *et seq.* (The "ADA"). Specifically, Plaintiff claims that UPS refused to reinstate him to his prior position once he was released to return to work on or about June 21, 2006, and that UPS's refusal to do so was based on discriminatory motives.

During the course of this litigation, the majority of Plaintiff's claims have been dismissed. The remaining issues are whether Defendant is liable under the Americans with Disability

Act ("ADA") and whether Plaintiff was constructively discharged. The parties have submitted the ADA issue to the Court on competing motions for summary judgment. After reviewing the record, the memoranda of parties and the pleadings, this Court finds as follows.

## **THE PARTIES' ARGUMENTS**

UPS argues that Plaintiff has failed to show that he has a disability or that he was discriminated against and denied a position that he was qualified for because of his disability–all of which are required for a *prima facie* showing of discrimination under the ADA. Further, UPS argues that even if Plaintiff is able to establish a *prima facie* showing, UPS has articulated a legitimate, non-discriminatory reason for its actions, and therefore, Plaintiff's claims should be dismissed because Plaintiff cannot establish that the articulated reason is a pretext for unlawful discrimination. McInnis v. Alamo Community College District, 207 F.3d 276 (5th Cir. 2000) (stating that when a *prima facie* shown is made, the burden shifts to the defendant-employer to articulate a legitimate, non-discriminatory reason for the action, and once the employer does so, the burden shifts back to the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination).

In opposition, Plaintiff argues that he has established a

3

*prima facie* showing of discrimination under the ADA. Specifically he alleges that because of his diabetes, he is disabled from the major life activity of "eating." See <u>Waldrip v. Gen. Elec. Co.</u>, 325 F.3d 652, 657 (5th Cir. 2003) (identifying "eating" as a "major life activity). He also alleges that he was qualified for positions that he did not get because of this disability.

## DISCUSSION

### Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." <u>Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.</u>, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. <u>Little</u>, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable

4

jury could not return a verdict for the nonmoving party." Delta, 530 F.3d 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." Id. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

**Prima Facie Case of Discrimination**

When Plaintiff returned from his stress related leave, Defendant did not return him to his position as the "twilight operation" Hub Manager, a position that entailed working from approximately 2:00 p.m. to 10:00 p.m. Instead, Defendant offered Plaintiff an opportunity to work a comparable position, but during the midnight shift. Plaintiff alleges that his diabetes prevented him from working the midnight shift and that he was discriminated against because of his disability when Defendant refused to reinstate him to his prior position.

A plaintiff making an ADA claim must first establish a *prima facie* case. To establish a *prima facie* case under the ADA, a plaintiff must show that (1) he has a disability; (2) he is qualified for the position for which he seeks employment; and (3) he was discriminated against because of his alleged disability. Jenkins v. Cleco Power L.L.C., 487 F.3d 309 (5th Cir. 2007).

Defendant argues that Plaintiff cannot establish a *prima facie* case because he cannot prove that he has a disability. "The ADA defines disability as a 'physical or mental impairment that substantially limits one or more of the major life activities of such individual.'" Id. (citing 42 U.S.C. § 12102(2)(A)). "The terms in this definition must be interpreted strictly." Waldrip, 325 F.3d at 654. Therefore, in reviewing claims of disability, a court is required to perform a "rigorous

6

and carefully individualized inquiry[.]" Id. Here, Plaintiff alleges that he is substantially limited in the major life activity of eating. Specifically, he alleges that because of his diabetes, he must be constantly vigilant in determining when to eat, what to eat, and how much to eat. He also alleges that he needs consistent access to healthy food options and a consistent schedule which permits him to eat his meals and snacks within a particular time of each day. According to Plaintiff, working the midnight shift would impair his ability to maintain a consistent schedule.

Plaintiff's doctors have suggested that he may be better equipped to maintain consistent eating habits if he were working during the day; however, none of the doctors have stated that Plaintiff cannot keep his diabetes or his diet under control if he were to work the midnight shift. In fact, aside from his own testimony, Plaintiff has not provided evidence to prove that his diabetes substantially limits his ability to eat. Plaintiff is essentially arguing that it is possible that his diabetes could have a substantial impact on his eating; such an argument is not sufficient to survive summary judgment. See Waldrip, 325 F.3d at 655 (stating a "[p]laintiff cannot survive summary judgment by showing that an impairment like his own could substantially limit a major life activity of another person . . . ; rather, he must show that his impairment has actually and substantially limited

the major life activity on which he relies."). Id.

Further, this case is similar to Walker v. City of Vicksburg, Miss., 2007 WL 3245169, *8 (S.D. Miss. Nov. 1, 2007), where the court stated, while

> [i]t may be true that [Plaintiff] must monitor the time and amount of his meals more closely than the average person . . . [he] has not demonstrated that the requirements that he eat at certain times or in particular portions are of sufficient moment to qualify as substantial limitations on the major life activity of eating.  Merely because [he] must watch and limit what he eats more closely than a member of the general population does not mean that he is disabled under the ADA.  To so hold would be to recognize all persons with diabetes, lactose intolerance, food allergies, and various other eating-related impairments as disabled.

Id.; see also Vazquez v. Loredo Transit Management, Inc., 2007 WL 2363152 (S.D. Tex. 2007 Aug. 16, 2007) (stating that although plaintiff had a limited diet, plaintiff failed to show that his diabetes substantially limited the major life activities of eating because "many people have to monitor their food intake for health and lifestyle reasons").  The Walker and Vazquez holdings are applicable to the facts in this matter.  Plaintiff is not substantially limited in his ability to eat simply because he must watch what he eats and be consistent in his diet.  None of the evidence presented by Plaintiff suggests that his diabetic condition is worse than the plaintiffs in the aforementioned cases.  For these reasons, this court finds that Plaintiff has not proved that he is disabled within the meaning of the ADA.

Therefore, he cannot establish a *prima facie* case of discrimination and Defendant's motion for summary judgment should be granted as a matter of law.

### *McDonnell Douglas* Test

The court further notes that even if Plaintiff were able to establish a *prima facie* case of discrimination, pursuant to McInnis, 207 F.3d 276, this court would still be required to grant Defendant's motion for summary judgment. McInnis held that the McDonnell Douglas burden-shifting analysis applies to claims brought under the ADA. McInnis, 207 F.3d at 279 (citing Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Therefore, if Plaintiff makes a *prima facie* showing of discrimination, defendant-employer has to articulate a legitimate, non-discriminatory reason for its action. McDonnell Douglas Corp., 411 U.S. 792. Once the employer does so, the burden shifts to the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination. Id.

Here, Defendant has articulated legitimate, non-discriminatory reasons for its actions. Defendant declined to reinstate Plaintiff to his prior position because the shift had already been filled by another employee. Defendant offered Plaintiff a comparable position at a later shift which Plaintiff

did not accept.  Further, Defendant attempted to establish a new position to accommodate Plaintiff's requests but was unable to get funding for the position.  All of these actions are legitimate, non-discriminatory reasons for not giving Plaintiff the positions he requested.  Therefore, the burden shifts to plaintiff to prove by a preponderance of the evidence that these reasons are pretextual.  Plaintiff has not made any arguments, has not alleged any facts, and has not provided any evidence showing that Defendant's reasons are pretextual.  Accordingly, even if Plaintiff were to make a *prima facie* case of discrimination, his ADA claims should be dismissed.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED Defendant's Partial Motion for Summary Judgment (Rec. Doc. 98) is GRANTED** and **Plaintiff's Partial Motion for Summary Judgment (Rec. Doc. 102) is DENIED.  IT IS FURTHER ORDERED** that Plaintiff's ADA claims are dismissed, with prejudice.

New Orleans, Louisiana, this 3rd day of August, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE