UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROMMEL E. GRIFFIN                         CIVIL ACTION

VERSUS                                   NO: 08 – 2000

UNITED PARCEL SERVICE, INC.              SECTION: J(5)


### ORDER AND REASONS

Before the Court is Defendant's partially granted Motion for Summary Judgment **(Rec. Doc. 68)**.  On February 12, 2010, the Court issued an Order which **DENIED**, in part, and **GRANTED**, in part, Defendant's Motion for Summary Judgment **(Rec. Doc. 88)**, thereby dismissing Plaintiff's age discrimination claims.  In that order, the Court notified the parties that the Court would issue "a separate order outlining the reasons for dismissal of the age discrimination claims."  Accordingly, the Court outlines the following reasons for the dismissal of those claims. The Court also addresses Plaintiff's outstanding claims for constructive discharge and punitive damages.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff, in his initial complaint, alleged that after working for UPS for approximately 28 years, he suffered age, race, and disability discrimination, as well as constructive discharge after taking disability leave to recover from stress in February

1

2006.[1]  Specifically, he alleged that he was not reinstated to the "twilight operation" Hub Manager position he held before his disability leave, and he was not promoted to the Employee Relations Manager ("ERM") position.  Instead, both of these positions were given to younger, less experienced white males.  Plaintiff believes that UPS refused to reinstate him to his prior position once he was released to return to work on or about June 21, 2006, and that UPS's refusal to do so was based on discriminatory motives.

As a result, Plaintiff filed a Charge of Discrimination Complaint with the Equal Employment Opportunity Commission ("EEOC") on or about May 22, 2007.  However, the EEOC failed to timely investigate the charge, and at the request of Plaintiff, issued a Notice of Right to Sue on the basis that more than 180 days had passed since the filing of the charge.   After receiving his right to sue notice, Plaintiff filed the instant action against UPS due to alleged age discrimination pursuant to 29 U.S.C. 621, *et seq.* (the "Age Discrimination in Employment Act" or "ADEA"); race discrimination pursuant to 28 U.S.C. 2000e, *et seq.* ("Title VII"); and disability discrimination pursuant to 42 U.S.C. 12101, *et seq.* (The "ADA").

## DISCUSSION

---

[1] Prior to taking disability leave, Plaintiff was employed as "the Hub Manager of the UPS Center on Morrison Road in New Orleans, Louisiana, working the 'twilight operation' from approximately 2:00 p.m. until the late evening hours between 10:00 p.m. and midnight."

**ADEA**

The ADEA makes it unlawful "for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  When a Plaintiff alleges claims under the ADEA, the Court is to apply the burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Jackson v. Cal-Western Packaging Corp., 602 F.3d 374, 378 (5th Cir. 2010) (stating while the Supreme Court has not definitively resolved whether McDonnell Douglas apply to ADEA claims, Fifth Circuit precedence requires that the court applies McDonnell Douglas to age discrimination cases).  Under the McDonnell Douglas framework, a plaintiff must first establish a prima facie case of discrimination.  Alvarado v. Tex. Rangers, 492 F.3d 605, 611 (5th Cir. 2007).  This requires a plaintiff to prove that: (1) he was over age forty when the discrimination took place; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated younger employees.  Evans v. City of Houston, 246 F.3d 344, 350 (5th Cir. 2001).

Once a plaintiff establishes his prima facie case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its decision.  McDonnell Douglass, 411

3

U.S. at 802; <u>Berquist v. Wash. Mut. Bank</u>, 500 F.3d 344, 349 (5th Cir. 2007).  If the defendant meets this burden, the presumption of discrimination dissipates.  <u>Machinchick v. PB Power, Inc.</u>, 398 F.3d 345, 350 (5th Cir. 2005).  The burden then shifts back to the plaintiff to rebut the employer's explanation by producing evidence that the reasons provided were not its true reasons, but were a pretext for discrimination.  <u>Jackson</u>, 602 F.3d at 378.[2]

Plaintiff alleges that there exist genuine issues of material fact as to whether he was discriminated against because of his age when he was denied the ERM position and denied the opportunity to return to his position as Twilight Hub Manager.[3]  With respect to the Employee Relations Manager ("ERM") position, Plaintiff's claim of discrimination must be dismissed because he cannot establish a prima facie case of age discrimination.  Although Plaintiff, who was over forty years of age at the time of the alleged

---

[2]  Under the ADEA, the plaintiff has the burden of persuasion to show, by a preponderance of the evidence, that age was the "but-for" cause of his employer's adverse action.  <u>Jackson</u>, 602 F.3d at 379 (quoting <u>Gross v. FBL Financial Services, Inc.</u>, 129 S.Ct. 2343, 2351 (2009)).  "The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision."  <u>Gross</u>, 129 S.Ct. at 2352.  In this instant case, Plaintiff merely alleged that age was the "but-for" cause, however, he presented no evidence to prove it. Plaintiff did not meet the <u>Gross</u>  burden. Thus, Plaintiff's ADEA claim fails.

[3]  Plaintiff did not submit any arguments to dispute Defendant's request for summary judgment on the ADEA claim in relation to the Hub Manager and Midnight Hub Manager positions.

4

discrimination, was qualified for the ERM position and lost the position to Ray Waguespack, an employee who was younger than Plaintiff, Plaintiff did not suffer any adverse action when he was denied the ERM position.

The only actionable adverse employment actions for Title VII discrimination claims are "ultimate employment decisions." McCoy v. City of Shreveport, 492 F.3d 551, 559 (5th Cir. 2007)(quoting Dendinger v. Ohio, 207 Fed. Appx. 521, 527 n.6 (6th Cir. 2006)). Ultimate employment decisions include hiring, granting leave, discharging, promoting, and compensating.   Green v. Adm'rs of Tulane Educ. Fund, 284 F.3d 642, 657 (5th Cir. 2002).

Prior to requesting the ERM position, Plaintiff was a Twilight Hub Manager, which was classified as a Grade 16 position. Defendant has provided undisputed evidence that the ERM Position was also a Grade 16 position.  Therefore, Defendant's decision not to transfer Plaintiff was a denial of a lateral transfer; such a denial does not constitute an ultimate employment action.  Burger v. Central Apartment Mgmt., Inc., 168 F.3d 875, 879 (5th Cir. 1999); McNealy v. Emerson Elec. Co., 121 Fed. App'x 29, 33 (5th Cir. 2009).  Accordingly, Plaintiff cannot establish a prima facie case of age discrimination regarding the ERM position and his claim must be dismissed.

**Twilight Hub Manager Position**

With regard to the Twilight Hub Manager position, Plaintiff

5

argues that Defendant refused to return him to his position upon his return from disability leave.  Even if Plaintiff was able to prove that this refusal constitutes an ultimate employment decision, Defendant has offered a legitimate reason for this refusal, and Plaintiff has not submitted sufficient evidence to show that the proffered reason was merely pretext.

Defendant asserts that if an employee is absent for "any substantial period of time beyond a couple of weeks, the position will be filled."  While Plaintiff was out for five months on disability leave, Defendant replaced him with Darryl Cemo ("Cemo").  The nonexistence of an available position is a legitimate, non-discriminatory reason. Perez v. Reqopm 20 Educ. Serv., 307 F.3d 318, 325 (5th Cir. 2002).  Plaintiff only alleges that Darryl Cemo, a much younger employee with no hub experience, was promoted to be the Twilight Hub Manager, and that Cemo was not replaced even though he had multiple leaves of absence for disability in 2008.

Showing the unsuccessful employee was clearly better qualified is enough to prove that the employer's proffered reasons are pretextual.  EEOC v. La. Office of Cmty. Servs., 47 F.3d 1438, 1444 (5th Cir. 1995).  In determining whether Plaintiff was "clearly better qualified" than Cemo for the position, Defendant argues that the perception of the decision maker is the perception that is relevant–not the Plaintiff's perception of himself.

Plaintiff does not provide evidence to support his allegation that he was better qualified than Cemo other than saying that he had a longer tenure and more experience. However, in <u>Nichols v. Lewis Grocer</u>, 138 F.3d 563, 568-69 (5th Cir. 1998), the Fifth Circuit held that the losing applicant's longer tenure and more varied work experience with the company did not make her "clearly better qualified" than the winning applicant. Accordingly, Plaintiff has failed to show that he was "clearly better qualified" than Cemo was for the job. Thus, Plaintiff failed to show that Defendant's stated reason is false.

This Court finds that Plaintiff failed to demonstrate that there is a genuine issue of material fact regarding his ADEA claim. Accordingly, this Court explains its previous order (Rec. Doc. 88) by providing reasons for dismissing Plaintiff's age discrimination claims.

**<u>PLAINTIFF'S OTHER CLAIMS</u>**

At the time of Defendant's Motion for Summary Judgment (Rec. Doc. 68), Plaintiff had alleged ADA, ADEA, constructive discharge and punitive damage claims.[4] The Court's previous Order issued February 2, 2010 (Rec. Doc. 88) granted summary judgment for Defendant with respect to Plaintiff's age discrimination claims, and this current Order has elaborated and provided written

---

[4] Plaintiff had agreed to dismiss his race claims from the suit.

reasons.

Additionally, the Court issued an Order on August 5, 2010 (Rec. Doc. 112), which granted Defendant's Motion for Partial Summary Judgment with respect to Plaintiff's ADA claims. At this time, Plaintiff's remaining causes of action are his constructive discharge claim and his punitive damages claim. However, because this Court has found that Plaintiff has not alleged meritorious discrimination claims, the Court likewise finds that Plaintiff has not alleged sufficient facts to satisfy the showings required to sustain claims for constructive discharge and punitive damages.

<u>**CONCLUSION**</u>

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 68)** is fully **GRANTED** as to all causes of action.

New Orleans, Louisiana, this 1st day of December, 2010.

CARL J. BARBIER
U.S. DISTRICT COURT JUDGE